IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

THE ESTATE OF CHRISTOPHER BLOODWORTH
By and Through OPAL BLOODWORTH, Administratrix,
On Behalf of the Wrongful Death Beneficiaries of
CHRISTOPHER ALLAN BLOODWORTH; et al.                                    PLAINTIFFS

vs.                                                                     No. 2:06CV152-D-A

ILLINOIS CENTRAL RAILROAD COMPANY; et al.                               DEFENDANTS

OPINION GRANTING MOTION TO REMAND

Presently before the court is the Plaintiffs' motion to remand this matter to the Circuit Court of Tallahatchie County. Upon due consideration, the court finds that the motion should be granted and this cause remanded to state court for ultimate resolution.

*A. Factual Background*

This case is a civil action for damages alleging that the Defendants are liable for a collision that occurred on May 30, 2005, between a train owned and operated by the Defendant Illinois Central Railroad Company and a vehicle in which the Plaintiffs' decedents were traveling. The Plaintiffs filed suit in the Circuit Court of Tallahatchie County, Mississippi, on March 17, 2006, alleging that the Defendants' conduct in connection with the accident renders them liable under various causes of action including negligence.

Several of the Defendants removed the action to this court on September 7, 2006, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Plaintiffs have now motioned the court to remand this matter to state court, arguing that the removal was untimely.

*B. Standard for Remand*

Provided that all procedural requirements are satisfied, defendants may generally remove a

civil action from state court to federal court provided that the federal court has original jurisdiction over the plaintiff's claims. See 28 U.S.C. §1441(a). After the case's removal, however, a federal district court must remand the case to state court if it finds that it lacks jurisdiction, or if all procedural requirements have not been satisfied. See 28 U.S.C. §§1446, 1447. It is axiomatic that federal courts are to construe removal statutes "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L. Ed. 1214 (1941).

Here, the Defendants' Notice of Removal asserts that this case is removable because the matter in controversy exceeds the sum of $75,000 and is between citizens of different States, thereby giving this court original federal diversity jurisdiction. See 28 U.S.C. §1332. For the reasons set forth below, however, the court finds that the Defendants' removal of this cause was untimely, and thus shall remand this cause to state court for ultimate resolution.

## C.  Discussion

It is well established that a Notice of Removal in a civil action "shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." 28 U.S.C. § 1446(b). Likewise, it is well established that defendants may remove cases that were not initially removable, if the defendants file their notice of removal within thirty days after receiving a copy of an order or "other paper" from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b).

Here, the Defendants did not remove this case until 155 days after the first Defendant was served and 76 days after the primary removing Defendant, Illinois Central Railroad Company, was

served.[1]  The removing Defendants admit that this removal is beyond the normal 30-day time period for removal set forth in 28 U.S.C. § 1446(b); they assert, however, that the Plaintiffs' August 10, 2006, Responses to Requests for Admission constitute sufficient "other paper" pursuant to 28 U.S.C. § 1446(b) and establishes that this case is removable for thirty days after the date that the Responses were submitted.  The court disagrees.

The Fifth Circuit has held that "other paper" from which a removing defendant may ascertain the removeability of a case can include a response to a discovery request.  <u>Chapman v. Powermatic, Inc.</u>, 969 F.2d 160, 161 (5th Cir. 1992); <u>Jackson v. Mississippi Farm Bureau Mut. Ins. Co.</u>, 947 F. Supp. 252, 254 (S.D. Miss. 1996).  The "other paper" exception is only applicable, however, when the case stated by the initial pleading is not removable.  28 U.S.C. § 1446(b).

The court finds that the "other paper" exception does not apply in this case because the case was as removable on its initial pleadings as it was after the submission of the subject discovery responses.  The Defendants assert that it was not clear that the non-diverse Defendants had been fraudulently joined until receipt of the subject discovery responses.  Upon review of the subject responses, however, the court is of the opinion that they reveal nothing concerning the existence or strength of the Plaintiffs' claims against the non-diverse Defendants.  Instead, the responses simply reiterate the obvious - that no one personally observed where the occupants of the vehicle (who were all killed in the subject accident) were looking at the time of the accident.  Further, in the same response, the Plaintiffs state that "discovery and investigation is ongoing and Plaintiffs have not made a final determination of any witness, lay or expert, that they will call at trial."  In light of the

---

[1]The first Defendants were served on April 5, 2006; the primary removing Defendant was served on June 23, 2006, and the case was removed on September 7, 2006.

content of the subject discovery responses, the court finds that the "other paper" exception to the 30-day time limit set forth in 28 U.S.C. § 1446(b) is not applicable.

Thus, the court finds that the Defendants had until, at the latest, July 30, 2006, to remove this case because it was removable on its initial pleadings. 28 U.S.C. § 1446(b). The Defendants failed to do so and thus waived their right to removal. Accordingly, the court finds that this case must be remanded to state court for ultimate resolution.

### D.  Conclusion

In sum, the Defendants' removal does not comply with 28 U.S.C. § 1446(b). Remand of this action to state court for ultimate resolution is therefore proper. As such, the Plaintiff's motion to remand shall be granted and this cause remanded to the Circuit Court of Tallahatchie County pursuant to 28 U.S.C. § 1447(c).

A separate order in accordance with this opinion shall issue this day.

This the 23rd day of January 2007.

/s/ Glen H. Davidson
Chief Judge